UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUILDING SERVICE 32BJ PENSION FUND,

Plaintiff,

-v.-

SOURCING UNLIMITED GROUP, INC., et al.,

Defendants.

24 Civ. 9700 (JHR) (SDA)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On December 17, 2024, Plaintiff brought this action against Defendants Sourcing Unlimited Group, Inc. and Sourcing Special Services, Inc. for violations of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 *et seq.*, 29 U.S.C. §1301, *et seq.* ECF No. 1. Before the Court is the Report and Recommendation of Magistrate Judge Stewart D. Aaron, ECF No. 26, recommending that Plaintiff's motion for a default judgment be granted. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Aaron's recommendation.

## BACKGROUND[1]

Plaintiff filed its Complaint on December 17, 2024. ECF No. 1. Defendants were served with process on December 19, 2024. ECF Nos. 7, 8. Their deadline to respond to the Complaint was therefore January 9, 2025. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Defendants did not respond or otherwise appear.

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 26.

Upon Plaintiff's application, ECF Nos. 16, 17, the Clerk of Court issued certificates of default as to both Defendants on February 24, 2025.  ECF Nos. 19, 20.  On March 19, 2025, Plaintiff moved for a default judgment, ECF No. 21, and filed an affirmation and memorandum of law in support, ECF Nos. 22, 23.  Defendants were served with the default judgment papers the same day.  ECF No. 24.  On May 16, 2025, the case was referred to Judge Aaron for a report and recommendation on the default judgment motion.  ECF No. 25.

On July 12, 2025, Judge Aaron issued a fourteen-page Report and Recommendation recommending that Plaintiff's motion for a default judgment be granted and that the Court award Plaintiff: (1) "unpaid withdrawal liability in the amount of $388,962.00"; (2) "prejudgment interest at a rate of 9% per year from November 11, 2024 until the date judgment is entered"; (3) "liquidated damages in the amount of $77,792.40"; (4) "attorneys' fees in the amount of $9,243.75"; and (5) "costs in the amount of $555.00."  ECF No. 26 at 13.  The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections."  *Id*. at 13-14.  The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW.**"  *Id*. at 14.  No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order).  With respect to those portions of the report as to which no timely objection has been made,

however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of those objections for purposes of appeal," ECF No. 26 at 14, the parties did not file any objections to the Report and Recommendation.  Thus, the parties waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Accordingly, the Report and Recommendation is ADOPTED in its entirety.  By **April 2, 2026**, Plaintiff shall serve this Order upon Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 21.  Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: March 31, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge